The Honorable Barbara J. Rothstein

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| CHARLES BARATTA, JASON RAPPAPORT, DONALD DOUTY, THOMAS VIOLA, and HYACINTH AHURUONYE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BINANCE HOLDINGS, LTD. D/B/A BINANCE, BAM TRADING SERVICES INC. D/B/A BINANCE.US, A DELAWARE CORPORATION, AND CHANGPENG ZHAO,<br><br>Defendants. | Case No. 2:25-cv-639-BJR<br><br>**ORDER GRANTING STIPULATED MOTION TO TRANSFER ACTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA** |

## I.   INTRODUCTION

This matter is before the Court on a Stipulated Motion to Transfer This Action to the United States District Court for the Southern District of Florida ("Stipulated Motion to Transfer"), Dkt. No. 12, by Plaintiffs Charles Baratta, Jason Rappaport, Donald Douty, Thomas Viola, and Hyacinth Ahuruonye, and Defendant BAM Trading Services Inc. d/b/a Binance.US (collectively,

ORDER GRANTING STIPULATED MOTION TO TRANSFER ACTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

- 1

"Movants").[1] Having fully considered the materials and the relevant legal authorities, the Court grants the Stipulated Motion to Transfer. The reasoning for the Court's decision follows.

## II.   BACKGROUND

This case is part of a series of putative class actions. *See* Compl., Dkt. No. 1; *Martin v. Binance Holdings, Ltd.*, No. 2:24-cv-1264 (W.D. Wash. 2024) [hereinafter *Martin*]; *Osterer v. BAM Trading Servs. Inc.*, No. 23-cv-22083 (S.D. Fla. 2023) [hereinafter *Osterer*]; *Kattula v. Coinbase Glob., Inc.*, No. 22-cv-3250 (N.D. Ga. 2022). Plaintiffs in each of these related actions allege claims arising from third-party hackers' theft of cryptocurrency from Coinbase, a cryptocurrency exchange and storage platform, and subsequent use of Binance.com, another cryptocurrency exchange and storage platform, to untraceably exchange the stolen assets.

In the *Martin* action, this Court granted a motion by defendants Binance Holdings, LTD; BAM Trading Services Inc.; and Changpeng Zhao to transfer the action to the Southern District of Florida pursuant to the first-to-file rule.[2] *Martin* Transfer Order, Dkt. No. 75. In light of the *Martin* Transfer Order, Movants assert that the instant action should also be transferred to the Southern District of Florida. Stip. Mot. to Transfer ¶¶ 4-5.

## III.   DISCUSSION

A motion to transfer under 28 U.S.C. § 1404(a) requires the movants to show that (1) the action "might have been brought" in the transferee district; and (2) the transfer would be "[f]or the

---

[1] Defendants Binance Holdings, LTD and Changpeng Zhao have not appeared in this action and are not parties to the Stipulated Motion to Transfer.

[2] The first-to-file rule is a generally recognized doctrine of federal comity that allows a district court to transfer, stay, or dismiss proceedings if a case with substantially similar issues and parties was previously filed in another district court. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir.1982); *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991).

convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a); *Authentify Pat. Co., LLC v. StrikeForce Techs., Inc.*, 39 F. Supp. 3d 1135, 1148 (W.D. Wash. 2014). The purpose of § 1404 is to prevent wasted time, energy, and money and to protect litigants, witnesses, and the public from unnecessary inconvenience and expense. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

As to the first requirement, filings in the related cases are sufficient to establish that this action "might have been brought" in the Southern District of Florida. *See Osterer* Compl. ¶¶ 14-52, Dkt. No 1; *Osterer* Mot. for Leave to Amend at 1, Dkt. No. 62; 28 U.S.C. § 1404(a); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (providing that courts "may take judicial notice of court filings and other matters of public record"). Therefore, the first § 1404(a) requirement is satisfied.

Regarding the second requirement, Movants acknowledge that transfer of this action to the Southern District of Florida "is appropriate and would serve the interests of judicial economy and efficiency." Stip. Mot. to Transfer ¶ 5. Additionally, this Court's reasoning in *Martin* that transfer of that action was necessary to promote efficiency and avoid duplicative litigation is equally applicable here. *See Martin* Transfer Order at 8-9. Thus, transfer of this action to the Southern District of Florida is in the interest of justice. Accordingly, the second § 1404(a) requirement is also satisfied.

### IV.   CONCLUSION

For the foregoing reasons:

1. Movants' Stipulated Motion to Transfer This Action to the United States District Court for the Southern District of Florida (Dkt. No. 12) is GRANTED.

2. This case is hereby TRANSFERRED to the United States District Court for the Southern District of Florida.

- 3

DATED this 13th day of May 2025.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge

- 4